IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOTO VASQUEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>BAKERSFIELD POLICE DEPARTMENT, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-01121 OWW JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

       Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Now pending before the Court is Plaintiff's complaint filed July 7, 2011.

**I.    SCREENING REQUIREMENT**

       The Court is required to review a case filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).

**II.    THE COMPLAINT**

Plaintiff seeks to recover $1,000,000 from his claim that Police Officers Felgenhauer and Ary, in addition to the Bakersfield Police Department, used excessive force during his arrest on April 17, 2011. (Doc. 1 at 3.) An account of the incident is provided by a April 20, 2011 police report that is attached to Plaintiff's complaint. (Id. at 4.) The relevant portions are as follows:

> Officer Ary and I [Officer Felgenhauer] were approximately 30 to 40 feet away while we were observing this. I then saw Jacobo run away from Vasquez [Plaintiff], across the street to the southern curb line. I announced Officer Ary and my presence by yelling, "Bakersfield Police Department! Stop! Alto! Put your hands up!" At this point, [Plaintiff] turned around and saw Officer Ary and me approaching him on foot. [Plaintiff] then looked at Jacobo and appeared to make a movement as if he was going to chase after her or possibly get back into the driver's seat of his vehicle.
>
> Officer Ary and I ran up to [Plaintiff] and ordered him to get on the ground, face-down, and put his arms out in a "Y" formation. [Plaintiff] did not comply with our orders and instead began to walk toward his vehicle. Officer Ary go to [Plaintiff] first and instructed him to get on the ground. [Plaintiff] did not comply. Officer Ary then used his body weight to guide [Plaintiff] down to the grass directly in front of 5414 Trailhead Street. While [Plaintiff] was on the ground, he put his hands toward his waistband and curled up into a ball. I was unable to see his hands, and due to the fact that [Plaintiff] had not been searched and had just been accused of committing a violent felony, I retrieved my department issue baton and struck him in his right arm in an attempt to gain compliance. [Plaintiff] did not comply and would not roll over onto his stomach. At that point, Officer Ary struck [Plaintiff] in his left shin, as [Plaintiff] at this point was on his back, kicking toward officers in an attempt to get to his feet and flee. Officer Ary's baton strike did not have the desired effect, so I again struck [Plaintiff] in his right arm, near the wrist. [Plaintiff] again attempted to kick at officers, and it appeared he was attempting to make more room so he could get up and flee.
>
> I struck [Plaintiff] one more time in his right arm, then struck him in his right shin as he was attempting to roll over to his stomach and get up. My last baton strike had the desired effect, and [Plaintiff] yelled, "Okay, okay, okay!" and then rolled onto his stomach. At this point, I used my body weight to hold him down by placing my knee on the small of his back, and I handcuffed [Plaintiff] without further incident.

(Id.)

### III.   DISCUSSION

####    A.   Fourth Amendment – Excessive Force

A claim against a police officer for the use of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). An officer may only use such force as is "objectively reasonable" given all the circumstances. Id. at 397; Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001).

To determine whether the use of force was "objectively reasonable," courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396. Factors such as "the type and amount of force inflicted" on an individual during the arrest, Jackson, 268 F.3d at 651-52, are balanced against factors such as the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to

evade arrest by flight." Graham, 490 U.S. at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. Courts must remain cognizant of "the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving[.]" Id. at 397.

As Plaintiff's pleadings currently stand, the police report provides the only account of the April 17, 2011 events. The police report indicates that Defendant Ary brought Plaintiff to the ground only after Plaintiff failed to heed the officers' instructions to drop to the ground and instead walked towards his car. The police report also asserts that Defendant Felgenhauer struck Plaintiff in the arm with his baton because Plaintiff had his hands near his waistband and Defendant Felgenhauer was unsure as to whether Plaintiff had a weapon. Lastly, the police report shows that Defendants Felgenhauer and Ary struck Plaintiff in the shin with their batons because Plaintiff was kicking and attempting to get to his feet and flee. In the absence of any allegations by Plaintiff contradicting the police report, it appears the use of force was objectively reasonable under the circumstances. Thus, as the pleadings currently stand, Plaintiff fails to state cognizable excessive force claims against Defendants Felgenhauer and Ary under the Fourth Amendment.

### B.  Municipal Liability

Plaintiff identifies the Bakersfield Police Department as a defendant to this action. As noted above, a cause of action may be maintained under § 1983 against "any *person* acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and the laws' of the United States." So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983) (emphasis added). The Bakersfield Police Department is a municipal department of the City of Bakersfield and is *not* considered a "person" within the meaning of § 1983. See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of § 1983); Vance v. County of Santa Clara, 928 F. Supp. 993, 995-95 (N.D. Cal. 1996) (the term 'persons' under § 1983 does not encompass municipal departments); Pellum v. Fresno Police Dep't, 1:10-cv-01258-OWW-SKO, 2011 U.S. Dist. LEXIS 10698, at *4-7 (E.D. Cal. Feb. 2, 2011) (finding that the Fresno

Police Department is not a proper party to suit in a § 1983 action). Accordingly, the Bakersfield Police Department must be dismissed from this action.

Local governments such as the City of Bakersfield, on the other hand, are "persons" subject to suit for "constitutional tort[s]" under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 n.55 (1978). To state a claim against a local government, a plaintiff generally must allege facts showing the existence of "a deliberate policy, custom, or practice that was the "moving force" behind the [alleged] constitutional violation[.]" Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007). In the alternative, a plaintiff may allege facts showing that the local government's deliberate indifference led to omissions in policy that resulted in its employees committing constitutional violations. Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002). To establish deliberate indifference in this context, the plaintiff must demonstrate that "the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." Id.

Here, if the Court construes Plaintiff's claim against the Bakersfield Police Department as one against the City of Bakersfield, Plaintiff's allegations are still deficient. As an initial matter, Plaintiff has not sufficiently alleged that any employee of the City of Bakersfield (i.e., Defendants Felgenhauer or Ary) committed a constitutional violation. Even assuming they did, Plaintiff fails to identify any deliberate city policy that served as the moving force behind the constitutional violation, or any policy omission that caused the constitutional violation and was the result of the city's deliberate indifference. Accordingly, the Court concludes that Plaintiff fails to state a cognizable § 1983 claim against the City of Bakersfield.

**C.    Leave to Amend**

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an

amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is dismissed;
2. Plaintiff is granted **thirty (30) days** from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; and
3. Plaintiff is cautioned that failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **July 14, 2011**                                          **/s/ Jennifer L. Thurston**
                                                                                   UNITED STATES MAGISTRATE JUDGE