IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOTO VASQUEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>BAKERSFIELD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01121 OWW JLT<br><br>FINDINGS AND RECOMMENDATION THAT THE MATTER BE DISMISSED |

On July 7, 2011, Plaintiff filed this action against the Bakersfield Police Department and two individual officers. (Doc. 1). On July 14, 2011, the Court issued its order dismissing the matter with leave to amend. (Doc. 5) Notably, the Court's order was based upon the fact that the complaint alleged that the force the officers used was reasonable and because the pleading failed to identify any unconstitutional custom or policy of the municipal entity that Plaintiff contended was at issue. Id.

The Court granted Plaintiff 30 days leave to file his amended complaint. Id. at 6. In the order, the Court cautioned Plaintiff that if he failed to file his amended complaint, the Court would recommend that the matter be dismissed. Id. However, Plaintiff has failed to file an amended complaint.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; see also Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. Notably, the complaint was plead in such a way as to admit that no constitutional deprivation occurred. (Doc. 1). Moreover, in the screening order, the Court warned Plaintiff that his failure to file the amended complaint in compliance with the Court's order would result in a recommendation that the matter be dismissed. (Doc. 5 at 6.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, for the reasons set forth in the Court's July 14, 2011 screening order and because Plaintiff has failed to file an amended complaint that corrects the deficiencies identified in his pleadings, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITH PREJUDICE** for failure to state a claim;

2.    This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 26, 2011**                                                     /s/ Jennifer L. Thurston
                                                                                     UNITED STATES MAGISTRATE JUDGE